Connie W. Taylor
Clark and Feeney
1  1229 Main Street
2  P.O. Drawer 285
   Lewiston, ID 83501
3  208-743-9516

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 1 1 2003

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HEATHER HUNT, Individually, ) | CASE NO: |
| as Personal Representative for the Estate ) | **CS-03-0119-FVS** |
| of Chester Hunt, and as guardian ad litem ) | |
| for Faith Hunt, ) | COMPLAINT |
| ) | DEMAND FOR JURY TRIAL |
|           Plaintiff, ) | |
| ) | |
|   vs. ) | |
| ) | |
| COUNTY OF WHITMAN, Washington, ) | |
| A political subdivision, SHERIFF ) | |
| STEVE TOMSON, DEPUTY RICK ) | |
| McNANNAY, DEPUTY PAUL REAVIS, ) | |
| SGT. PATRICK J. KELLEY officers at ) | |
| the Whitman County Sheriff's Office, in ) | |
| their individual and official capacities, ) | |
| John Does 1-10, ) | |
| ) | |
|           Defendants. ) | |

COMPLAINT
DEMAND FOR JURY TRIAL          1

RECEIVED

APR 1 1 2003

CLERK, US DISTRICT COURT
SPOKANE, WASHINGTON

LAW OFFICES OF
CLARK AND FEENEY
LEWISTON, IDAHO 83501

HEATHER HUNT, Plaintiff in the above-captioned matter, by and through her counsel of record, for a cause of action against the Defendants, states, alleges and avers as follows:

## PARTIES, JURISDICTION AND VENUE

1.    Heather Hunt is a resident of Clarkston, Asotin County, Washington. She is the surviving spouse of Chester Hunt, and was on August 3, 2001, appointed as Personal Representative of his estate. She is the natural mother of Faith Hunt, who is Chester Hunt's daughter, and will seek formal appointment as guardian ad litem of Faith Hunt for the purpose of this action.

2.    Defendant Whitman County is a Washington political subdivision. Defendant Patrick J. Kelley, hereinafter referred to as KELLEY, was employed as a sergeant at the Whitman County Sheriff's Office at all relevant times and is liable for his actions in his individual and official capacities. Defendant Steve Tomson, hereinafter referred to as TOMSON, was the Sheriff at the Whitman County Sheriff's Office at all relevant times and is liable for his actions in his individual and official capacities. Defendant Rick McNannay, hereinafter referred to as McNANNAY, was employed as a deputy at the Whitman County Sheriff's Office at all relevant times and is liable for his actions in his individual and official capacities. Defendant Paul

COMPLAINT
DEMAND FOR JURY TRIAL          2

LAW OFFICES OF
CLARK AND FEENEY
LEWISTON, IDAHO 83501

Reavis, hereinafter referred to as REAVIS, was employed as a deputy at the Whitman County Sheriff's Office at all relevant times and is liable for his actions in his individual and official capacities. Any and all actions undertaken by any of the Defendants constituted actions under color of state law. The true names of defendants named herein as John Does 1 through 10 are not know to plaintiff who consequently sues such defendants by fictitious names. Plaintiff will seek to amend this Complaint by stating John Does 1 through 10 true names and capacities when that is ascertained.

3.    This action is brought pursuant to the provisions of 28 U.S.C. §§1331, 1343(a)(1), 1343(a)(3), 1367, and 42 U.S.C. §1983, 1985, and 1988. The proper venue for this action is the United States District Court for the District of Washington because the acts and omissions complained of herein occurred in Whitman County, Washington.

## **FACTUAL BACKGROUND**

4.    On or about December 7, 2000, Defendants TOMSON, KELLEY, McNANNAY, REAVIS, and others responded to a request for assistance with Chester Hunt who was reported to be despondent and possibly suicidal.

Defendants found HUNT stopped in an isolated location on a rural road, and

COMPLAINT
DEMAND FOR JURY TRIAL          3

provoked a confrontation.    When HUNT exited his vehicle, Sergeant KELLEY physically prevented Sheriff TOMSON from using non-lethal force on HUNT, and KELLEY, McNANNAY, and REAVIS opened fire on HUNT and shot him in the chest.

5.    At the time of the Defendants' actions, Chester Hunt had neither harmed nor threatened to harm any of the police officers.    Hunt was not suspected of any criminal activity, had no criminal history, and he was not resisting arrest.

6.    As a direct and proximate result of the Defendants' unjustified shooting, Chester Hunt sustained a lethal gun shot wound. He endured a great deal of pain, and required a series of medical and emergency procedures in an effort to preserve his life.  Chester Hunt died approximately three hours after he was shot.

## COUNT ONE

### 42 U.S.C. § 1983 – VIOLATION OF FOURTH AMENDMENT AND FOURTEENTH AMENDMENT RIGHTS:

7.    Plaintiff incorporates by reference the allegations contained in paragraph 1-6 above as though fully set forth herein.

8.    Defendant Whitman County is charged with the responsibility and duty

COMPLAINT
DEMAND FOR JURY TRIAL           4

to protect and serve the public by properly hiring, supervising, training, disciplining and controlling police officers under its command, including TOMSON, KELLEY, McNANNAY, and REAVIS. Defendant WHITMAN COUNTY'S duty includes promulgation and enforcement of laws, rules and regulations regarding the use of excessive force.

9.    On information and belief, Defendant WHITMAN COUNTY failed to promulgate adequate rules and regulations relating to excessive and/or deadly force and further failed to instruct, discipline and train TOMSON, KELLEY, McNANNAY, and REAVIS in the appropriate technique for avoiding inappropriate and illegal use of excessive force.

10.    On information and belief, Defendant WHITMAN COUNTY established through tacit authorization or explicit instruction a policy or custom of allowing Whitman County Sheriff's Department Officers to commit uses of excessive force against suspects. That policy was enacted and enforced with deliberate indifference to the Fourth Amendment rights of HUNT effected thereby.

COMPLAINT
DEMAND FOR JURY TRIAL          5

## COUNT TWO

### 42 U.S.C. § 1983 – VIOLATION OF EIGHTH AMENDMENT AND FOURTEENTH AMENDMENT RIGHTS: FAILURE TO PROPERLY SUPERVISE

11.    Plaintiff incorporates by reference the allegations contained in paragraph 1-10 above as though fully set forth herein.

12.    On information and belief, Defendant WHITMAN COUNTY failed to properly hire, supervise, train, discipline and control police personnel under its command, including TOMSON, KELLEY, McNANNAY, and REAVIS, and failed to insure compliance with the laws, rules, and regulations regarding the use of excessive force.   That failure has resulted in a policy or custom of inadequate training, supervision and/or discipline.

13.    On information and belief, Defendant WHITMAN COUNTY'S custom of failing to properly hire, supervise, train, discipline and control police personnel under its command, including TOMSON, KELLEY, McNANNAY, and REAVIS, and its failure to insure compliance with the laws, rules and regulations regarding the use of excessive force and deadly force amounts to deliberate indifference to the rights of persons with whom the police personnel come into contact, including the rights of Chester Hunt and of the Plaintiff herein.

COMPLAINT
DEMAND FOR JURY TRIAL          6

LAW OFFICES OF
CLARK AND FEENEY
LEWISTON, IDAHO 83501

14.    Defendant WHITMAN COUNTY'S custom and policy of allowing excessive force and its failure to properly hire, supervise, train, discipline, and control correctional officers under its command, including TOMSON, KELLEY, McNANNAY, and REAVIS, was so reckless or grossly negligent that misconduct involving excessive force was inevitable as of the date of the incident giving rise to this Complaint.

## COUNT THREE

**42 U.S.C. § 1985 – CONSPIRACY TO VIOLATE CIVIL RIGHTS BY DEFENDANT WHITMAN COUNTY AND DEFENDANTS TOMSON, KELLEY McNANNAY, AND REAVIS**

15.    Plaintiff incorporates by reference the allegations contained in paragraph 1-14 above as though fully set forth herein.

16.    In order to cover up the unjustified shooting of Chester Hunt, Defendants reached a meeting of the minds amongst themselves, and conspired to fabricate a false story that Chester Hunt had to be killed because he had threatened an officer. Said story was given to the media, placed in official reports, and told to internal affairs investigators.

COMPLAINT
DEMAND FOR JURY TRIAL          7

## COUNT FOUR

### 42 U.S.C. § 1983 – VIOLATION OF DUE PROCESS AND EQUAL PROTECTION RIGHTS

17.    Plaintiff incorporates by reference the allegations contained in paragraph 1-16 above as though fully set forth herein.

18.    The acts and/or omissions of Defendants herein were performed under color of law and deprived Chester Hunt of his fifth, eighth and fourteenth amendment rights to due process, equal protection and freedom from excessive punishment, and also deprived Heather and Faith Hunt of their liberty relationship with Chester Hunt. Defendants' acts and/or omissions were a moving force behind an objectively unreasonable use of force against Chester Hunt, resulting in the above-referenced constitutional violations.

19.    The acts and/or omissions alleged above and the resultant injuries suffered by Chester Hunt and damages to the Plaintiff were directly and proximately caused by Defendant Whitman County's failure to properly hire, supervise, train, discipline and control police personnel under its command, including TOMSON, KELLEY, McNANNAY, AND REAVIS, and its failure to promulgate and insure compliance with the laws, rules, and regulations regarding the use of excessive force.

COMPLAINT
DEMAND FOR JURY TRIAL          8

## COUNT FIVE

### 42 U.S.C. §1983–VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS BY DEFENDANTS TOMSON, KELLEY, McNANNAY, AND REAVIS.

20.    Plaintiff incorporates by reference to the allegations contained in paragraph 1-19 above as though fully set forth herein.

21.    Any and all acts and omissions of Defendants TOMSON, KELLEY, McNANNAY, and REAVIS alleged herein constitute actions or omission under the color and pretense of the laws, statutes, ordinances, regulations, customs and usage of the State of Washington and the County of Whitman.

22.    As agents or employees of Whitman County, Washington, Defendants TOMSON, KELLEY, McNANNAY, and REAVIS owed a duty, to protect and serve the public, including Chester Hunt and those similarly situated.

23.    Under the circumstances as they existed on December 7, 2000, Defendants TOMSON, KELLEY, McNANNAY, and REAVIS had a duty to not use excessive force or deadly force during their encounter with Chester Hunt.

24.    Defendants TOMSON, KELLEY, McNANNAY, and REAVIS, acting within the course and scope of their employment and under color of state law, instituted and followed policies, procedures and customs and acted in a manner which

COMPLAINT
DEMAND FOR JURY TRIAL          9

LAW OFFICES OF
CLARK AND FEENEY
LEWISTON, IDAHO 83501

directly resulted in the objectively unreasonable seizure and use of excessive force against Chester Hunt, directly causing his death.

25.    Defendants TOMSON, KELLEY, McNANNAY, and REAVIS, acting within the course and scope of their employment and under color of state law, acted with deliberate and unreasonable conduct killing Chester Hunt, causing physical trauma and violation of clearly established law of which a reasonable police officer should have known.

26.    In these above-stated actions, Defendants TOMSON, KELLEY, McNANNAY, and REAVIS deprived Chester Hunt of his rights, privileges and immunities to be free from excessive punishment and unreasonable seizure and to due process, as those rights are secured under the fourth, eighth and fourteenth amendments of the United States Constitution.

27.    As a direct and proximate result of the acts and omissions described herein, Defendants TOMSON, KELLEY, McNANNAY, and REAVIS are liable in damages to Plaintiff for deprivation of Chester Hunt's civil rights under 42 U.S.C. § 1983.

## PUNITIVE DAMAGES

28.    Plaintiff incorporates by reference the allegations contained in paragraph

COMPLAINT
DEMAND FOR JURY TRIAL          10

1-27 above as though fully set fourth herein.  In addition to compensatory damages, Plaintiff claims for punitive damages against Defendants in an amount to be proven at trial for the willful and wanton acts and omissions of Defendants, including but not limited to violation of Chester Hunt's civil rights, as alleged herein.  The acts and omissions of Defendants in this case were so gross and culpable in nature that they constitute reckless indifference and wanton disregard for the law and for the lives and safety of others including Chester Hunt.   Defendants committed the acts and omissions alleged herein and subjected Hunt to improper treatment that caused his death.  Defendants' actions should be punished, and an example should be made so that these actions and omissions are not repeated.

29.    The recovery of punitive damages is permitted under the federal civil rights statutes for reckless and callous indifference to the federally protected rights of others, and is thus appropriate in this case.  This instance of reckless and callous indifference to Hunt's safety and constitutional rights should be punished through the imposition of punitive damages so as to make an example of conduct that will not be tolerated.

COMPLAINT
DEMAND FOR JURY TRIAL          11

LAW OFFICES OF
CLARK AND FEENEY
LEWISTON, IDAHO 83501

## ATTORNEY'S FEES

30.    Plaintiff incorporates by reference the allegations contained in 1-29 above as though fully set forth herein.

31.    As a result of Defendants' actions as alleged herein, Plaintiff has been required to retain the services of various attorneys and is entitled to a reasonable amount for attorney's fee pursuant to 42 U.S.C. § 1988 for those violations covered by the Civil Rights Act.

## DAMAGES

32.    Plaintiff incorporates by reference the allegations contained in paragraph 1-33 above as though fully set forth herein.

33.    The acts and omissions of Defendants as set forth above have resulted in injury to Plaintiff. By virtue of these injuries, Plaintiff is entitled to the following damages:

    A.    Pain and suffering, both mental and physical, experienced by Chester Hunt;

    B.    The reasonable value of medical services rendered to Chester Hunt;

    C.    The cost of Chester Hunt's funeral;

COMPLAINT
DEMAND FOR JURY TRIAL          12

LAW OFFICES OF
CLARK AND FEENEY
LEWISTON, IDAHO 83501

D.    Humiliation and sociological distress to Chester Hunt, his wife, and his daughter;

E.    Loss of foreseeable income;

F.    Heather Hunt and Faith Hunt's loss of Chester Hunt's services, comfort, conjugal relationship, and society;

G.    Punitive damages in a reasonable amount that is sufficient to adequately punish all Defendants and to deter future conduct of the type alleged in this complaint; and

H.    The costs of this action, attorneys fees pursuant to 42 U.S.C. § 1988, and such other and further relief as this Court deems equitable and proper.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants as follows:

A.    Plaintiff prays for damages in an amount which will fairly and justly compensate them for the violation of Chester Hunt's civil rights, his pain and suffering, medical and funeral expenses his lost wages and earning capacity, and Plaintiff's loss of his companionship;

B.    Punitive damages in an amount sufficient to adequately punish

COMPLAINT
DEMAND FOR JURY TRIAL          13

Defendants and to deter future conduct of the type alleged in this Complaint;

C.    For attorneys fees pursuant to 42 U.S.C. § 1988; and

D.    For the costs of this action and for such other and further relief as this Court deems equitable and proper.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Signed at _Lewiston, ID_____ on the _9th_ day of April, 2003.


_Heather Hunt_____
HEATHER HUNT

COMPLAINT
DEMAND FOR JURY TRIAL        14

LAW OFFICES OF
CLARK AND FEENEY
LEWISTON, IDAHO 83501

1

## JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

2

3        Plaintiff demands that this matter be tried to a jury in Spokane, Washington.

4            DATED this _10th_ day of April, 2003.

5                                    CLARK and FEENEY

6

7

8        BY: _____
         Connie W. Taylor, WSBA #24384
9        One of the Plaintiff's Attorneys
         Clark and Feeney
10       1229 Main Street
         PO Drawer 285
11       Lewiston, ID 83501
         Phone: (208) 743-9516
12       Fax:   (208) 746-9160

13

14

15

16

17

18

19

20

21

22

23

24

25   COMPLAINT
26   DEMAND FOR JURY TRIAL          15